***NOTE: ALL DOCUMENTS MUST BE FILED AS PDF DOCUMENTS IN TEXT SEARCHABLE FORMAT.  ALL EXHIBITS MUST BE SPECIFICALLY IDENTIFIED. FAILURE TO COMPLY WITH THESE REQUIREMENTS WILL RESULT IN THE CLERK'S OFFICE MARKING THE DOCUMENT(S) AS A FILING ERROR AND YOU WILL BE REQUIRED TO RE-FILE IN COMPLIANCE WITH THIS ORDER.***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAN BATES, ET AL, | ) | CASE NO. 1:17CV02108 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | CASE MANAGEMENT CONFERENCE |
| | ) | SCHEDULING ORDER |
| CHARTER COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DATE OF HEARING: November 16, 2017 at 9:00 a.m.**
**LEAD COUNSEL, PARTIES, AND ANYONE WITH SETTLEMENT AUTHORITY MUST BE PRESENT**

**I.  CASE MANAGEMENT CONFERENCE**

All counsel and parties will take notice that the above-entitled action has been set for a Case Management Conference ("CMC") on **November 16, 2017 at 9:00 a.m.,  CARL B. STOKES U.S. COURT HOUSE, 801 WEST SUPERIOR AVENUE, CLEVELAND, OHIO.** Counsel should report directly to **Chambers 18A.**

**This Court requires the attendance of (1) all parties, (2) lead counsel, and (3)  a representative with full authority for settlement purposes**. **"Parties"** means either the named

-1-

individuals or, in the case of a corporation or similar legal entity, that person who is most familiar with the actual facts of the case. **"Party"** does not mean in-house counsel or someone who merely has settlement authority. **"Final authority"** means the actual ability to settle, without further consultation, for an amount up to plaintiff's prayer for relief. If plaintiff has not specified a prayer for relief, or plaintiff has specified equitable relief, **"final authority"** means the final decision-maker with unlimited authority to settle without further consultation. In the event a representative with final authority is unable to attend in-person, counsel must file a motion, showing good cause, more than 48 hours before the scheduled conference. The agenda for the CMC is set forth in Rule 16.3(b)(2) of the Local Rules of the United States District Court for the Northern District of Ohio.

## II. APPLICABLE RULES

This case is subject to both the Local Rules of the United States District Court for the Northern District of Ohio and the Federal Rules of Civil Procedure. All counsel are therefore expected to familiarize themselves with the Local and Federal Rules.

## III.  TRACK ASSIGNMENT

This case is subject to the provisions of Differentiated Case Management (DCM) as set forth in the Local Rules effective on January 1, 1992, as renumbered April 7, 1997. The Court shall evaluate this case in accordance with LR 16.2(a)(1) and assign it to one of the case management tracks described in LR 16.2(a)(2). Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and timelines governing discovery, motions, and trial.

Pursuant to LR 16.3(a), and subject to further discussion at the CMC, the Court recommends the following track:

    __ Expedited  _X_ Standard  __ Administrative

    __ Complex      __ Mass Tort  __ Reserved for CMC

## IV. ELECTRONIC FILING

Effective January 1, 2006, all attorneys are required to file electronically pursuant to modifications to both the local civil and criminal rules. The Court's electronic filing policy/procedure is available on the Court's web site (www.ohnd.uscourts.gov) along with registration forms, training materials and tutorials.

## V. DISCOVERY

### A. Applicable Rules

Discovery shall be guided by Local Rule 26.1, as well as all applicable Federal Rules of Civil Procedure. **The parties shall, however, start discovery before their Fed. R. Civ. P. 26(f) discovery conference.**

### B. Mandatory Disclosures

Rule 26(a) of the Federal Rules of Civil Procedure mandates a series of required disclosures by counsel in lieu of discovery requests. Only certain categories of proceedings, outlined in Rule 26(e)(1), are exempt from these initial disclosures. If a party wishes to object to the requirement of initial disclosures, it must do so as part of the planning meeting report described below in Section V. E.

### C. Filing of Discovery Materials

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto

shall **not** be filed with the Clerk's Office, except that discovery materials may be filed as evidence in support of a motion or a response. Any deposition transcripts shall be filed as an **excerpt** of the original deposition taken. Deposition excerpts needed to support or oppose a dispositive motion (*i.e.*, summary judgment, motion to dismiss) should be filed with a memorandum in support and attached as exhibits.

### D. Depositions

The Judges of the Northern District of Ohio have adopted LR 30.1 which governs the taking of depositions. A copy of the newly adopted rule is attached as Attachment 2. Counsel are expected to comply with the rule in its entirety.

### E. Planning Meeting

Counsel for the plaintiff shall arrange with opposing counsel for the meeting of the parties as required by Fed. R. Civ. P. 26(f) and LR 16.3(b)(3). A report of this planning meeting shall be jointly signed and submitted electronically not less than 3 days before the CMC. The report shall be in a form substantially similar to Attachment 1.

As part of the planning meeting, counsel must determine whether there will be discovery of electronically stored information (ESI) [E-discovery]. If counsel anticipate any E-discovery, they must decide on a method for conducting such discovery or they must agree to abide by the default standard set forth in Appendix K to the Local Civil Rules.

## VI. MOTIONS

### A. Applicable Rules

Motion practice shall be guided by LR 7.1 as well as all applicable Federal Rules of Civil Procedure.

### B.  Motions to Dismiss

This Court requires defendants to file an answer to the complaint regardless of whether they have filed or plan to file a motion to dismiss.  The filing of a motion to dismiss shall not delay the time in which the party must answer the complaint.

## VII.  ATTORNEY'S FEES ITEMIZATION

In all cases in which it is anticipated that a party or parties will seek attorney fees pursuant to statutory or case-law authority, such party shall file with the Court at or prior to the CMC a preliminary estimate and/or budget of the amount of fees and expenses anticipated to be the subject of any such claim.  Such estimate shall include, but not be limited, to the following:

| **ATTORNEY'S FEES** | | **COSTS** | |
|---|---|---|---|
| Preliminary Investigation and Filing Complaint | $_____ | Depositions | $_____ |
| Procedural Motions Practice | $_____ | Experts | $_____ |
| Discovery | $_____ | Witness Fees | $_____ |
| Dispositive Motions Practice | $_____ | Other | $_____ |
| Settlement Negotiations | $_____ | | |
| Trial | $_____ | | |
| **TOTAL FEES** | $_____ | **TOTAL COSTS** | $_____ |

## VIII.  CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

A Magistrate Judge has been assigned to assist in this case.  The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge.

**IX.  RESOLUTION PRIOR TO CMC**

In the event that this case is resolved prior to the CMC, counsel should submit a jointly signed stipulation of settlement or dismissal, or otherwise notify the Court that the same is forthcoming.  Counsel can contact my Courtroom Deputy Clerk, Mrs. Melanie Dresch at (216) 357-7217.

IT IS SO ORDERED.


Dated:  October 11, 2017      *s/ James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

# ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | ) | CASE NO. |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | JUDGE JAMES S. GWIN |
|  | ) |  |
|  | ) | REPORT OF PARTIES' PLANNING |
|  | ) | MEETING UNDER FED. R. CIV. |
| Defendant. | ) | P. 26(f) AND LR 16.3(b)(3) |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16:3(b)(3), a meeting was held on _____ and was attended by:

   _____ counsel for plaintiff(s)     _____

   _____ counsel for plaintiff(s)     _____

   _____ counsel for defendant(s)    _____

   _____ counsel for defendant(s)    _____

2. The parties:

   \_\_  have not been required to make initial disclosures.

   \_\_  have exchanged the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order.

3. The parties recommend the following track:

___ Expedited      ___ Standard

___ Administrative      ___ Complex

___ Mass Tort

4. This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

     ___ Early Neutral Evaluation

     ___ Mediation

     ___ Arbitration

     ___ Summary Jury Trial

     ___ Summary Bench Trial

     ___ Case not suitable for ADR

5. The parties ___do/___do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636©.

6. Recommended Discovery Plan:

(a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

_____

_____

 

 

 

 

(b) The parties (indicate one):

\_\_\_\_\_agree that there will be no discovery of electronically stored information; or

\_\_\_\_\_have agreed to a method for conducting discovery of electronically stored information; or

\_\_\_\_\_have agreed to follow the default standard for discovery of electronically stored information (Appendix K to Northern District Ohio Local Rules).

(c) Discovery cut-off date:_____

7. Recommended dispositive motion date: _____

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: _____

9. Recommended date for a Status Hearing: _____

10. Other matters for the attention of the Court:

_____

_____

_____

_____

_____
Attorney for Plaintiff(s) _____

_____
Attorney for Plaintiff(s) _____

_____
Attorney for Defendant(s) _____

_____
Attorney for Defendant(s) _____

# ATTACHMENT 2

**Rule 30.1 Conduct at Depositions**

      **(a)** Witnesses, parties, and counsel must conduct themselves at depositions in a temperate, dignified, and responsible manner.

      **(b)** The following guidelines for the taking of depositions emphasize the expectations of the Court as to certain issues; they are intended to supplement Fed. R. Civ. P. 26 and 30.

      (1) Scheduling. Counsel are expected to make a timely and good faith effort to confer and agree to schedules for the taking of depositions. Unless counsel otherwise agree, depositions must be conducted during normal business hours. Except where good cause exists, no Notice of Deposition or Subpoena can issue prior to a scheduling conference with opposing counsel. Counsel for the deponent must not cancel a deposition without stipulation of the examining counsel or order of the Court.

      (2) Decorum. Opposing counsel and the deponent must be treated with civility and respect. Ordinarily the deponent must be permitted to complete an answer without interruption by counsel.

      (3) Objections. Objections must be limited to (a) those that would be waived if not made pursuant to Fed. R. Civ. P. 32(d)(3) and (b) those necessary to assert a privilege, enforce a limitation on evidence directed by the Court or present a motion under Fed. R. Civ. P. 30(d)(3). No other objections can be raised during the course of the deposition. In the event privilege is claimed, examining counsel may make appropriate inquiry about the basis for asserting the privilege.

      (4) Speaking Objections. Speaking objections that refer to the facts of the case or suggest an answer to the deponent are improper and must not be made in the presence of the deponent.

      (5) Witness Preparation. Preparation of the deponent must be completed prior to the taking of the deposition. While a question is pending, counsel for the deponent and the deponent must not confer, except for the purpose of deciding whether to assert a privilege.

      (6) Documents. Examining counsel must provide counsel for the deponent with copies of all documents shown to the deponent during the deposition.

      (7) Disputes. Counsel must comply with Local Rule 37.1 as to any disputes arising in connection with the taking of a deposition.

Last revised 9/23/02.  *See* Historical Notes for full revision history.